IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JOSEPH RIDDICK,                      )
                                     )
          Petitioner,                )
                                     )
v.                                   )          CIVIL ACTION NO. 5:09-1552
                                     )
UNITED STATES OF AMERCIA,            )
                                     )
          Respondent.                )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of

Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) By Standing Order, this

matter was referred to the undersigned United States Magistrate Judge for the submission of

proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §

636(b)(1)(B). (Document No. 2.)

FACT AND PROCEDURE

On July 7, 1989, a jury found Petitioner guilty in the United States District Court for the

Eastern District of Virginia of one count of conspiracy to distribute heroin in violation of 21 U.S.C.

§ 846 (Count 1); five counts of possession with intent to distribute heroin in violation of 21 U.S.C.

§ 841(a)(1) (Counts 2 - 6); one count of use of a firearm in relation to a drug trafficking crime in

violation of 18 U.S.C. § 924(c) (Count 7); one count possession of a firearm by a convicted felon

in violation of 18 U.S.C. § 924(e)(1) (Count 8); and one count of possession of a sawed-off shotgun

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less
stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See
Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

in violation of 26 U.S.C. § 5861(d) (Count 9). <u>United States v. Riddick</u>, Case No. 2:89-cr-0057 (E.D.Va. Sept. 19, 1989). On September 19, 1989, the District Court sentenced Petitioner to life as to Counts 1, 6,360 months for each Count 2, 3, 4, and 5, 120 months as to Count 9, to run concurrently, and 60 months as to Count 7, to run consecutively. Petitioner appealed his conviction arguing that the search warrant was executed in violation of the "knock and announce" rule. On March 26, 1991, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction. <u>United States v. Riddick</u>, 929 F.2d 695 (4th Cir. 1991).

On April 23, 1997, Petitioner filed in the Eastern District of Virginia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. <u>Riddick v. United States</u>, Civil Action No. 2:97-0393. As grounds for *habeas* relief, Petitioner argued (1) counsel was ineffective in failing to object to the admission of a stipulation as to his prior convictions, and (2) his conviction under 18 U.S.C. § 924(c) should be overturned based upon <u>Bailey v. United States</u>, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). By Memorandum Opinion and Order entered on December 12, 1997, the District Court denied Petitioner's Section 2255 Motion. Petitioner filed an appeal. On November 16, 1998, the Fourth Circuit (1) affirmed the District Court's dismissal of Petitioner's ineffective assistance of counsel claim, and (2) vacated and remanded the District Court's dismissal of Petitioner's challenge to his 924(c) conviction based upon <u>Bailey</u>. <u>United States v. Riddick</u>, 165 F.3d 912 (4th Cir. 1998). By Order dated February 11, 1999, the District Court vacated Petitioner's Section 924(c) conviction and sentence (Count 7).

On April 11, 2001, Petitioner filed a motion in the Fourth Circuit requesting authorization to file a successive Section 2255 Motion. <u>In re Riddick</u>, Case No. 01-706 (4th Cir.). By Order entered on May 3, 2001, the Fourth Circuit denied Petitioner's request. On September 19, 2001, Petitioner

2

filed a Motion in the Eastern District of Virginia alleging that his sentence under 21 U.S.C. §§ 846 and 841(b) violated Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). By Order entered on October 11, 2001, the District Court dismissed Petitioner's Section 2255 Motion as successive and time-barred.

On August 31, 2009, Petitioner filed a motion in the Fourth Circuit requesting authorization to file a successive Section 2255 Motion. In re Riddick, Case No. 09-252 (4th Cir.) By Order entered on October 13, 2009, the Fourth Circuit denied Petitioner's request.

On December 30, 2009, Petitioner filed his instant Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[2] (Document No. 1.) Petitioner argues that his 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) conviction and sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), United States v. Promise, 255 F.3d 150, 156-57 (4th Cir. 2001)[3], and United States v. Gonzalez, 420 F.3d 111 (2nd Cir.

---

[2]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3]  In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362 - 63. In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court reaffirmed the Court's holding in *Apprendi* and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment. *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537. In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court applied the holding in *Blakely* to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244, 125 S. Ct. at 756. In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original). 21 U.S.C. § 841(b)(1)(A), (B) and

2005). (Id., pp. 7 - 12.) Petitioner claims that "the jury's verdict lacks the factual basis to sustain the aggravated convictions and sentences under § 841(b)(1)(A) and (b)(1)(B)." (Id., p. 1.) Petitioner argues that Section 2255 is inadequate or ineffective. (Id., pp. 3 - 4.) Petitioner explains that he cannot file a second or successive Section 2255 Motion because his "claim is not based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review." (Id., pp. 4 - 6.) Petitioner, however, claims "that as a result of a previously unavailable statutory interpretation of § 841(b), he is factually or legally innocent because in accordance with the new statutory interpretation of § 841(b), a defendant cannot be convicted of a charge of conspiracy to distribute heroin under § 841(b)(1)(A), or (b)(1)(B) unless the jury finds, beyond a reasonable doubt, a specific threshold quantity of heroin." (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255

---

(C) specify minimum and maximum sentences based upon threshold drug quantities. After *Apprendi*, it is necessary to charge the applicable threshold drug quantity and submit it to the Jury for determination beyond a reasonable doubt. *See United States v. Brooks*, 524 F.3d 549, 558 (4th Cir. 2008)("Applying *Apprendi* to § 841(b), we determined in 2001, in [*United States v.*] *Promise*, [255 F.3d 150 (4th Cir. 2001)] that a jury, rather than a trial court, must determine the threshold drug quantity used to establish a defendant's statutory sentencing range under § 841(b).") In *United States v. Promise*, 255 F.3d 150 (4th Cir. 2001), the Fourth Circuit held that it is an *Apprendi* error to sentence a defendant to a term beyond maximum allowable for unspecified amount of drugs unless the amount is charged in the indictment and found by a jury beyond a reasonable doubt.

(federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen

5

§ 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he can resort to Section 2241. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Even if Petitioner is procedurally barred from proceeding under Section 2255, he does not have recourse under Section 2241. The United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), were based upon and extended the

6

rationale which the Court first announced in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). Apprendi, Blakely, and Booker were decided after Petitioner's sentence became final, and do not present cognizable grounds for claiming that Section 2255 is inadequate and seeking relief under Section 2241. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .." The Fourth Circuit Court of Appeals has determined that Booker, which made Blakely applicable to the Federal Sentencing Guidelines, is not retroactive with respect to persons whose convictions were final prior to the Supreme Court's decision. United States v. Morris, 429 F.3d 65 (4th Cir. 2005), cert. denied, 549 U.S. 852, 127 S.Ct. 121, 166 L.Ed.2d 91 (2006); also see Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005)(Booker not retroactively applicable on collateral attack); Carmona v. United States, 390 F.3d 200 (2nd Cir. 2004)(Blakely not retroactive on collateral review); Coleman v. United States, 329 F.3d 77 (2nd Cir. 2003), cert. denied, 540 U.S. 1061, 124 S.Ct. 840, 157 L.Ed.2d 719(2003)(Apprendi does not apply retroactively to cases on collateral review). Additionally, the Second Circuit has held that Gonzales is not retroactive to cases on collateral review.[4] See Moses v. United States, 2009 WL 222797, * 2 (S.D.N.Y. Jan. 26, 2009)(denying Petitioner's application to file a second habeas petition because neither Apprendi nor Gonzalez constituted new rules of constitutional law that have been made retroactive to cases on collateral review); Rosario-Dominguez, 2008 WL 4067428, * 4 (S.D.N.Y. Sept. 2, 2008)(finding

---

[4] In United States v. Gonzales, 420 F.3d 111, 133-34 (2nd Cir. 2005), the Second Circuit held that drug quantities specified in 21 U.S.C. § 841 are elements that must be pleaded and proved to a jury, or admitted by a defendant, in order to support any conviction on an aggravated drug offense.

that Gonzales is not retroactive because it relied on the holdings of Apprendi and Booker). Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

     The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

     Date: November 2, 2012.

                                                 R. Clarke VanDervort
                                               United States Magistrate Judge